UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CIVIL ACTION NO. 1:21-cv-10955 (JMF)
*Electronically Filed*

**RWS AND ASSOCIATES**
**ENTERTAINMENT, INC.**                                                     **PLAINTIFFS**

v.

**IRON, WOOD & GLITTER, LLC, d/b/a**
**IWG PRODUCTIONS, RYAN PALMER,**
**and JEREMY WOOD**                                                          **DEFENDANTS**

---

## ANSWER

---

Defendants Iron, Wood & Glitter, LLC, d/b/a IWG Productions ("IWG"), Ryan Palmer, and Jeremy Wood, by and through counsel, submit this Answer to the Complaint filed by Plaintiff RWS and Associates Entertainment, Inc. ("RWS")

As to the numbered Paragraph in RWS's Complaint:

1. Defendants admit that RWS has asserted claims against them; Defendants, however, deny the remaining allegations in Paragraph 1 of the Complaint.

2. Defendants admit that Palmer and Wood are former employees of RWS; that RWS is headquartered in New York; and that RWS is a global entertainment company formed in 2003. Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3. Palmer and Wood admit that they entered into employment agreements with RWS. Palmer and Wood further state that the subject employment agreements speak for themselves and deny all allegations inconsistent with the terms of the contracts when read in their full context.

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Defendants admit that RWS has asserted claims against them; Defendants, however, deny the remaining allegations in Paragraph 6 of the Complaint.

7. Defendants lack sufficient knowledge and information to either admit or deny the allegations in Paragraph 7 of the Complaint, and therefore deny them.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants admit that IWG is a Kentucky limited liability company and that Palmer and Wood are members of the company. Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

11. The allegations in Paragraph 11 of the Complaint are purely legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

12. The allegations in Paragraph 12 of the Complaint are purely legal conclusions to which no response is required. To the extent a response is required, Defendants state that the subject employment contracts speak for themselves and deny all allegations inconsistent with the terms of the contracts when read in their full context.

13. The allegations in Paragraph 13 of the Complaint are purely legal conclusions to which no response is required. To the extent a response is required, Defendants state that the subject employment contracts speak for themselves and deny all allegations inconsistent with the terms of the contracts when read in their full context.

14. Defendants admit that RWS is an entertainment company founded in 2003 and provides live entertainment for its customers. Defendants lack sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 14 of the Complaint, and therefore deny them.

15. Defendants admit that RWS creates custom entertainment, live events, and branded experiences and operates a production facility in New York City. Defendants lack sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 15 of the Complaint, and therefore deny them.

16. Defendants admit the allegations in Paragraph 16 of the Complaint.

17. Defendants admit the allegations in Paragraph 17 of the Complaint.

18. Defendants admit the allegations in Paragraph 18 of the Complaint as they relate specifically to the department or division in which Palmer and Wood worked; Defendants, however, deny the remaining allegations in Paragraph 18.

19. Defendants admit the allegations in Paragraph 19 of the Complaint.

20. Defendants admit that Palmer and Wood entered into employment agreements with RWS. Defendants state that the subject employment agreements speak for themselves and deny any allegations inconsistent with the terms of the agreements when read in their full context.

21. The subject employment agreements speak for themselves and Defendants deny any allegations inconsistent with the terms of the agreements when read in their full context.

22. The subject employment agreements speak for themselves and Defendants deny any allegations inconsistent with the terms of the agreements when read in their full context.

23. Defendants deny the allegations in Paragraph 23 of the Complaint. Defendants further state that the subject employment agreements speak for themselves and deny any allegations inconsistent with the terms of the agreements when read in their full context.

24. The subject employment agreements speak for themselves and Defendants deny any allegations inconsistent with the terms of the agreements when read in their full context.

25. The subject employment agreements speak for themselves and Defendants deny any allegations inconsistent with the terms of the agreements when read in their full context.

26. Defendants admit that Palmer resigned his employment with RWS on or about May 14, 2019. Defendants further state that the subject employment agreements speak for themselves and deny any allegations inconsistent with the terms of the agreements when read in their full context.

27. Defendants admit that Wood resigned his employment with RWS on or about March 16, 2020. Defendants further state that the subject employment agreements speak for themselves and deny any allegations inconsistent with the terms of the agreements when read in their full context.

28. Defendants admit that IWG was organized on February 9, 2021; Defendants, however, deny the remaining allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint. Defendants further state that the subject employment agreements speak for themselves and deny any allegations inconsistent with the terms of the agreements when read in their full context.

30. Defendants admit the allegations in Paragraph 30 of the Complaint. Defendants further state that the subject employment agreements speak for themselves and deny any allegations inconsistent with the terms of the agreements when read in their full context.

31. Defendants admit that Sesame Place was a customer of RWS during Palmer and Wood's employment; Defendants, however, deny the remaining allegations in Paragraph 31 of the Complaint.

32. Defendants admit that Palmer and Wood worked with Sesame Place during the course of their employment with RWS; Defendants, however, deny the remaining allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants admit the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

**Count One: Breach of Contract**
**(Against Defendants Palmer and Wood)**

38. Defendants repeat and reallege each of their responses to the previous allegations in Paragraph 1-37 as if fully set forth herein.

39. Defendants admit that Palmer and Wood entered into employment agreements with RWS. Defendants state that the subject employment agreements speak for themselves and deny any allegations inconsistent with the terms of the agreements when read in their full context.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

**Count Two: Breach of the Common Law Duty of Loyalty**
**(Against Defendants Palmer and Wood)**

42. Defendants repeat and reallege each of their responses to the previous allegations in Paragraph 1-41 as if fully set forth herein.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

### Count Three: Misappropriation of Confidential Business Information
### (Against All Defendants)

47. Defendants repeat and reallege each of their responses to the previous allegations in Paragraph 1-46 as if fully set forth herein.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

### Count Four: Unfair Competition
### (Against All Defendants)

50. Defendants repeat and reallege each of their responses to the previous allegations in Paragraph 1-49 as if fully set forth herein.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

### Count Five: Tortious Interference with Contract
### (Against Defendant IWG)

54. Defendants repeat and reallege each of their responses to the previous allegations in Paragraph 1-53 as if fully set forth herein.

55. Defendants admit that Palmer and Wood entered into employment agreements with RWS. Defendants state that the subject employment agreements speak for themselves and deny any allegations inconsistent with the terms of the agreements when read in their full context.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

**Count Six: Tortious Interference with Prospective Economic Advantage**
**(Against All Defendants)**

58. Defendants repeat and reallege each of their responses to the previous allegations in Paragraph 1-57 as if fully set forth herein.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny any and all other allegations that are not specifically addressed in this Answer.

**Affirmative Defenses**

1. The Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

2. The Complaint is barred, in whole or in part, by all affirmative defenses arising in equity, including, but not limited to, the doctrine of unclean hands, waiver, and estoppel.

3. RWS is not entitled to temporary, preliminary, or permanent injunctive relief because it cannot establish a likelihood of success on the merits, that it will suffer or has suffered irreparable harm, or that the public interest or equities weigh in favor of injunctive relief.

4. The contracts and covenants that RWS seeks to enforce are unreasonable, unconscionable, overbroad, void as against public policy, or otherwise unenforceable as a matter of law.

5. The Complaint is barred, in whole or in part, barred because Defendants engaged in privileged or otherwise lawful competitive conduct.

6. The Complaint is barred, in whole or in part, because the business relationships with which Defendants allegedly interfered were not sufficiently definite to support a cause of action.

7. The Complaint is barred, in whole or in part, because Defendants owed no fiduciary duties to RWS.

8. To the extent that RWS seeks punitive and exemplary damages, such a claim is barred by the prohibition against excessive fines contained in the *Eighth Amendment* to the United States Constitution and by the Due Process Clause of the *Fourteenth Amendment* to the United States Constitution.

9. Defendants reserve the right to supplement this Answer and plead any additional defenses that arise during the litigation in accordance with the Federal Rules of Civil Procedure and any applicable scheduling order entered by the Court.

Wherefore, Defendants Iron, Wood & Glitter, LLC, d/b/a IWG Productions, Ryan Palmer, and Jeremy Wood respectfully demand as follows:

A. that the Complaint against them be dismissed with prejudice;

B. that they recover their costs and expenses, including reasonable attorneys' fees, incurred in the defense of this action; and

C. that the Court award them all other relief to which they may be entitled.

Respectfully submitted,

**/s/ Michael P. Collins**
Michael P. Collins
Bone Schoeneck & King
600 Third Avenue, 22nd Floor
New York, New York 10016-1915
Tele:   646.253.2300
Fax:    646.253.2301
Email: mcollins@bsk.com

-and-

Matthew T. Lockaby*
Tamara J. Patterson*
Lockaby PLLC
476 East High Street, Suite 200
Lexington, Kentucky 40507
Tele:   859.263.7884
Fax:    859.406.3333
Email: mlockaby@lockabylaw.com
       tpatterson@lockabylaw.com

*Motion for Admission Pro Hac Vice Pending*

*Counsel for Defendants,*
*Iron, Wood & Glitter LLC, d/b/a IWG Productions;*
*Ryan Palmer; and Jeremy Wood*

# CERTIFICATE OF SERVICE

This is to certify that, on February 24, 2022, I electronically filed the foregoing Answer with the Clerk of the Court by using the CM/ECF electronic filing system, which will send a notice of electronic filing to all counsel of record.

**/s/ Michael P. Collins**
Michael P. Collins